IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NORTHWEST PIPE COMPANY,                          09-CV-1126-PK

            Plaintiff,                          ORDER

v.

RLI INSURANCE COMPANY and
EMPLOYERS INSURANCE OF WAUSAU

           Defendants.


MICHAEL B. MERCHANT
Black Helterline, LLP
1900 Fox Tower
805 S.W. Broadway
Portland, OR 97205-3359
(503) 224-5560

        Attorneys for Plaintiff

BRUCE C. HAMLIN
TIMOTHY J. FRANSEN
Martin, Bischoff, Templeton, Langslet & Hoffman LLP
888 S.W. Fifth Avenue
900 Pioneer Tower
Portland, OR 97204-2023
(503) 382-4204

1 - ORDER

**CHRISTOPHER W. TOMPKINS**
Betts Patterson & Mines PS
701 Pike Street, Suite 1400
Seattle, WA 98101
(206) 292-9988

       Attorneys for Defendant RLI Insurance Company

**WILLIAM G. EARLE**
**HANNE EASTWOOD**
Davis Rothwell Earle & Xochihua, PC
111 S.W. Fifth Ave,
Suite 2700
Portland, OR 97204-3650
(503) 222-4422

**BRYAN M BARBER**
Barber Law Group
101 California Street
Suite 810
San Francisco, CA 94111-5802
415-273-2930

       Attorneys for Defendant Employers Insurance of Wausau


**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and
Recommendation (#54) on April 27, 2010, in which he recommends
the Court grant the Motion (#23) for Partial Summary Judgment of
Defendant Employers Insurance of Wausau, grant the Motion (#28)
for Summary Judgment of Defendant RLI Insurance Company, deny the
Motion (#32) for Summary Judgment (Phase I - Duty to Defend) of
Plaintiff Northwest Pipe Company, dismiss Plaintiff's claims
against RLI and Wausau, and declare Wausau does not have a duty
to defend or to indemnify NW Pipe under the 1985-86 insurance
policy.  Plaintiff filed timely objections to the Findings and

2 - ORDER

Recommendation.  The matter is now before this Court pursuant to
28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).


## Portions of the Findings and Recommendation to which Plaintiff does not object.

Plaintiff does not object to those portions of the Findings
and Recommendation in which the Magistrate Judge recommends this
Court grant Wausau's Motion for Partial Summary Judgment, deny
the portion of Plaintiff's Motion for Partial Summary Judgment as
to Wausau's duty to defend, dismiss Plaintiff's claims against
Wausau, and declare Wausau does not have a duty to defend or to
indemnify NW Pipe under the 1985-86 insurance policy.

Because Plaintiff does not object to these portions of the
Magistrate Judge's Findings and Recommendation, this Court is
relieved of its obligation to review the record *de novo*.  *See
Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th
Cir. 1983)(rev'd on other grounds).  *See also Lorin Corp. v. Goto
& Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).  Having reviewed the
legal principles *de novo*, the Court does not find any error.

Accordingly, the Court adopts these portions of the
Magistrate Judge's Findings and Recommendation.


## Portions of the Findings and Recommendation to which Plaintiff does object.

Plaintiff objects to those portions of the Findings and

3 - ORDER

Recommendation in which the Magistrate Judge recommends the Court grant RLI's Motion for Summary Judgment as to RLI's duty to defend, deny Plaintiff's Motion for Summary Judgment as to RLI's duty to defend, and dismiss Plaintiff's claims against RLI.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

**I.   Policy Language**

RLI's insurance policy issued to Plaintiff provides in pertinent part:

> **I.   COVERAGE**
>
> The Company hereby agrees . . . to indemnify [Plaintiff] . . .
>
> for damages, direct or consequential and expenses, all as more fully defined by the term "ultimate net loss" on account of:
>
>> (I)   Personal injuries, including death at any time resulting therefrom,
>> (ii)  Property Damage,
>> (iii) Advertising liability,
>
> caused by or arising out of each occurrence.
>
> \* \* \*

## II.   LIMIT OF LIABILITY

The Company shall only be liable for the ultimate net loss the excess of . . .

(a)   the limits of the underlying insurance as set out in the schedule in respect of each occurrence covered by said underlying insurances.

\* \* \*

## III. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS

With respect to any occurrence not covered by the underlying policies listed in the Schedule of Underlying Insurances hereof or any other underlying insurance collectible by [Plaintiff], but covered by the terms and conditions of this policy . . . [RLI] shall

(a)   defend any suit against [Plaintiff] alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent.

\* \* \*

## 6.   ULTIMATE NET LOSS

The term "Ultimate Net Loss" shall mean the total sum which [Plaintiff] . . . become[s] obligated to pay by reason of . . . property damage . . . and shall also include . . . expenses for . . . litigation . . . of claims and suits which are paid as a consequence of any occurrence covered hereunder.

\* \* \*

## L.   OTHER INSURANCE

lf other valid and collectible insurance with any other insurer is available to [Plaintiff] covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in

excess of and shall not contribute with such
other insurance.

Notice of Removal, Ex. A at 13, 15, 19.

## II. Analysis

As noted, Plaintiff objects to those portion of the Findings
and Recommendation in which the Magistrate Judge recommends this
Court grant RLI's Motion for Summary Judgment, deny Plaintiff's
Motion for Partial Summary Judgment as to the issue of RLI's duty
to defend, and dismiss Plaintiff's claims against RLI.
Specifically, Plaintiff objects to the Magistrate Judge's
findings and conclusion that "horizontal exhaustion" applies to
RLI's duty to defend (*i.e.*, that RLI's duty to defend is not
"triggered" until "all [of Plaintiff's] primary insurance
coverage is exhausted") and that RLI's duty to defend has not
been "triggered" because other insurers are defending NW Pipe
completely as to all of the claims against NW Pipe.

### A.   Insurance Contract Interpretation

Under Oregon law, courts

> interpret insurance policy provisions according to
> the analytical framework set out in *Hoffman
> Construction Co.* [Courts] first determine whether
> the policy defined the term at issue and, if it
> did not, [courts] look to the plain meaning of the
> term. *American Hardware Ins. Group*, 167 Or. App.
> at 248, 2 P.3d 413. If [the court] determine[s]
> that there are two or more plausible
> interpretations of the term, then we consider
> whether those interpretations "withstand scrutiny,
> *i.e.*, continue[ ] to be reasonable, after the
> interpretations are examined in the light of,
> among other things, the particular context in

> which that term is used in the policy and the
> broader context of the policy as a whole."
> *Hoffman Construction Co.*, 313 Or. at 470, 836 P.2d
> 703.  Only if more than one interpretation remains
> reasonable after such an examination will we
> conclude that the policy provision is ambiguous.
> *Id.*  If the provision is ambiguous, we construe it
> against the insurer as its drafter.  *Id.* at
> 470-71, 836 P.2d 703.

*Clinical Research Inst. of S. Or., P.C. v. Kemper Ins. Co.*, 191
Or. App. 595, 599-600 (2004).

Under Oregon law, courts "'evaluate a duty to defend
claim by examining two documents:  the complaint and the
insurance policy.'"  *Certain Underwriters at Lloyd's London and
Excess Ins. Co., Ltd. v. Mass. Bonding and Ins. Co.*, 235 Or. App.
99, 116 (2010)(quoting *Am. Hardware Ins. Group v. West One Auto.*,
167 Or. App. 244, 247 (2000)).

**B.    Exhaustion Requirement**

The parties dispute the meaning of the phrase "any
other underlying insurance" set out in the duty-to-defend portion
of RLI's policy.  Plaintiff contends that provision means RLI has
a duty to defend under its umbrella policy issued to Plaintiff
when the underlying coverage is exhausted for the same effective
period as RLI's policy.  RLI contends that provision means RLI
has a duty to defend Plaintiff only after Plaintiff's underlying
coverage for all possible periods has been exhausted.  The Court
concludes there are two plausible interpretations of the
provision at issue, and, therefore, the Court must consider

7 - ORDER

whether those interpretations "withstand scrutiny, *i.e.*,
continue[ ] to be reasonable, after the interpretations are
examined in the light of, among other things, the particular
context in which that term is used in the policy and the broader
context of the policy as a whole." *Clinical Research Inst. of S.
Or.*, 191 Or. App. at 600 (quotation omitted).

It is undisputed that Oregon courts have not analyzed
whether an umbrella insurer's duty to defend is triggered only
after all of an insured's primary insurance is exhausted.  The
parties, therefore, rely on California cases.[1]

The Magistrate Judge relied on *California Insurance
Company v. Oregon Insurance Guaranty Association*, No. 01-CV-514-
HA, 2005 WL 627624 (D. Or. Mar. 17, 2005), when he concluded the
policy at issue required horizontal exhaustion of all underlying
policies before RLI's duty to defend was triggered.  *California
Insurance Company*, however, addressed whether an insured was
required to exhaust underlying insurance before the excess or
umbrella insurers' duty to indemnify was triggered rather than
whether an insured was required to exhaust underlying insurance
before the umbrella insurer's duty to defend was triggered.

Plaintiff relies on *Legacy Vulcan Corporation v.
Transport Insurance Company*, No. B215713, 2010 WL 2333075 (Cal.

---

[1] The parties do not dispute, and the Court agrees, that
Oregon and California apply the same rules of insurance contract
interpretation.

App. 2 Dist. June 11, 2010), to support its position.  In *Legacy*

the defendant issued liability insurance policies to the

plaintiff for several years including a policy effective from

January 1, 1981, through January 1, 1982.  The 1981-82 policy

provided in pertinent part:

> The Company will indemnify the Insured for
> ultimate net loss in excess of the retained limit
> hereinafter stated which the Insured shall become
> legally obligated to pay as damages because of
>
> > A. personal injury or
> >
> > B. property damage or
> >
> > C. advertising injury
>
> to which this insurance applies, caused by an
> occurrence, and
>
> > *(1)  With respect to any personal injury,
> > property damage or advertising injury not
> > within the terms of the coverage of
> > underlying insurance but within the terms of
> > coverage of this insurance; or*
> >
> > *(2)  If limits of liability of the underlying
> > insurance are exhausted because of personal
> > injury, property damage or advertising injury
> > during the period of this policy.*[2]
> >
> > The Company will
> >
> > (a)  have the right and duty to defend any
> > suit against the Insured seeking damages on
> > account of such . . . property damage . . .
> > even if any of the allegations of the suit
> > are groundless, false or fraudulent.

*Id.*, at *2 (emphasis in original).  In addition, the policy

---

[2] The court refers to these provisions as clause (1) and
clause (2) throughout its opinion.

9 - ORDER

provided in a separate provision that the defendant's limit of
liability was the

> ultimate net loss in excess of the Insured's
> retained limit defined as the greater of:
>
> > (a)  an amount equal to the limits of
> > liability indicated beside the underlying
> > insurance listed in Schedule A hereof, plus
> > the applicable limits of any other underlying
> > insurance collectible by the Insured; or
> >
> > (b)  the amount specified in Item 3. of the
> > Limits of Liability section of the
> > declarations because of . . . property damage
> > . . . not within the terms of the coverage of
> > the underlying insurance listed in Schedule
> > A.

*Id.*, at *2-3 (emphasis in original).  The policy defined
"ultimate net loss" as "the amount actually paid or payable for
[the plaintiff's] liability" and did not contain a definition for
the term "underlying insurance," but it did include a "Schedule
of Underlying Insurance" that listed several insurance policies
and stated the limits of liability for each policy.  *Id.*, at *3.
Finally, the policy provided

> Other insurance
>
> If collectible insurance with any insurer is
> available to the Insured covering a loss also
> covered hereunder, the insurance hereunder shall
> be in excess of, and not contribute with, such
> other insurance provided, however, this does not
> apply to insurance which is written as excess
> insurance over the Company's limit of liability
> provided in this policy.

*Id.*  On appeal the plaintiff contended, among other things, that

> (1) the duty to defend in clause (1) relates to

10 - ORDER

> the policy's umbrella coverage and extends to
> suits that are potentially covered under [the
> defendant's] policy, so [the plaintiff] need not
> show that a suit is actually covered in order to
> trigger a duty to defend; . . . and (3) the duty
> to defend in clause (1) does not depend on the
> exhaustion of any underlying insurance, so
> principles of horizontal exhaustion are
> inapplicable.

*Id*., at *6.  The court distinguished primary, excess, and

umbrella coverage as follows:

> Primary insurance provides coverage immediately
> upon the occurrence of a loss or an event giving
> rise to liability, while excess insurance provides
> coverage only upon the exhaustion of specified
> primary insurance. . . .  Umbrella insurance
> provides coverage for claims that are not covered
> by the underlying primary insurance.  An umbrella
> insurer "drops down" to provide primary coverage
> in those circumstances.  Thus, a policy that
> provides both excess and umbrella insurance
> provides both excess and primary coverage.

*Id*. (citations omitted).  The court concluded the policy at issue

contained both excess and umbrella insurance, and, therefore, it

provided both excess and primary coverage.  *Id*., at *7.  The

court noted the language of clause (1) provides the defendant had

a duty to defend

> any suit against [the plaintiff] seeking damages
> for . . . "property damage not within the terms of
> the coverage of underlying insurance but within
> the terms of coverage of this insurance."
> *Alternatively*, the [policy] provided, in clause
> (2), that in the event the conditions specified in
> clause (1) did not exist, then [the defendant's]
> defense duty would not arise until "the limits of
> liability of the underlying insurance are
> exhausted because of personal injury, property
> damage or advertising injury during the period of
> this policy."

11 - ORDER

*Id.* (emphasis in original).  In summary,

> if clause (1) did not apply to a particular claim,
> then, under clause (2), [the defendant's] duty to
> defend with respect to that claim would not be
> triggered until the exhaustion of the underlying
> insurance.  If clause (1) did apply to a
> particular claim, however, then [the defendant's]
> defense duty would be triggered and clause (2)
> [and its exhaustion requirement] would have no
> application with respect to that claim.

*Id.*

     The Court agrees with the general reasoning of *Legacy*.  As

noted, RLI's policy as to the duty to defend provides:

> With respect to any occurrence not covered by the
> underlying policies listed in the Schedule of
> Underlying Insurances hereof or any other
> underlying insurance collectible by [Plaintiff],
> but covered by the terms and conditions of this
> policy . . . [RLI] shall
>
> (a)  defend any suit against [Plaintiff] alleging
>      such injury or destruction and seeking
>      damages on account thereof, even if such suit
>      is groundless, false or fraudulent.

Unlike in *Legacy*, the duty-to-defend provision here does not

require exhaustion nor is there any provision the Court could

construe as an excess-insurance provision requiring exhaustion

before the duty to defend is triggered.  Although the RLI policy

sets out an exhaustion provision in the section of the policy

relating to indemnity coverage, that provision is not repeated in

the section of the policy setting out RLI's duty to defend.  When

construing instruments, the court is "to ascertain and declare

what is, in terms or in substance, contained therein, not to

12 - ORDER

insert what has been omitted, or to omit what has been inserted."
Or. Rev. Stat. § 42.230.  Accordingly, the Court declines to
import the exhaustion requirement into the duty-to-defend
provision.

**C.  Duty to Defend**

As noted, courts in Oregon "evaluate a duty to defend
claim by examining two documents:  the complaint and the
insurance policy." *Certain Underwriters at Lloyd's*, 235 Or. App.
at 116 (quotation omitted).  "In the absence of any compelling
evidence of no coverage, the insurer owes a duty to defend if the
injured claimant can recover under the allegations of the
complaint upon any basis for which the insurer affords coverage."
*Clinical Research Inst. of S. Or.*, 191 Or. App. at 599-600
(2004)(quotation omitted).

> "Even if the complaint alleges some conduct
> outside the coverage of the policy, the insurer
> may still have a duty to defend if certain
> allegations of the complaint, without amendment,
> could impose liability for conduct covered by the
> policy. . . .  Any ambiguity in the complaint with
> respect to whether the allegations could be
> covered is resolved in favor of the insured."

*Certain Underwriters at Lloyd's*, 235 Or. App. at 116 (quoting
*Ledford v. Gutoski*, 319 Or. 397, 399-400 (1994)).  Accordingly,
an insurer has a duty to defend if any allegations in the
complaint could possibly trigger the duty to indemnify under the
policy.

As noted, the policy at issue provides RLI has a duty

13 - ORDER

to defend Plaintiff for "any occurrence not covered by the underlying policies listed in the Schedule of Underlying Insurances hereof or any other underlying insurance collectible by [Plaintiff], but covered by the terms and conditions of this policy."  Accordingly, under the plain language of the policy, RLI has a duty to defend Plaintiff when (1) the claim involves a covered "occurrence" as defined in the policy, (2) there is not any policy listed in the Schedule of Underlying Insurance that provides indemnity for the covered occurrence, and (3) there is not any "other underlying insurance collectable by [Plaintiff]."

      The parties do not dispute for purposes of these Motions that the claim at issue involves a covered occurrence as that term is defined in the RLI policy.  In addition, it is undisputed that the Schedule of Underlying Insurances referred to in the duty-to-defend provision lists only the Wausau policy, which the Court has concluded does not provide Plaintiff with coverage due to the "absolute pollution exclusion" in the Wausau policy.  Accordingly, the first two conditions triggering RLI's duty to defend have been satisfied.

      The parties, however, dispute whether there is "other underlying insurance collectable by [Plaintiff]," and, as a result, RLI does not have a duty to defend.  As noted, the policy does not define the phrase "underlying insurance collectible by [Plaintiff]."  RLI contends Plaintiff's proposed interpretation

that RLI has a duty to defend Plaintiff when the underlying
coverage is exhausted for the same effective period as RLI's
policy strains the plain meaning of the policy language and
renders the phrase "effectively meaningless" because "underlying
insurance covering the same effective period as the RLI policy
would in the usual case be expected to appear on the policy's
schedule of underlying insurance."  According to RLI, therefore,
horizontal exhaustion of all primary insurance triggers RLI's
duty to defend as well as its duty to indemnify.

          As noted, when interpreting an insurance policy, the
Court must "ascertain and declare what is, in terms or in
substance, contained therein, not to insert what has been
omitted, or to omit what has been inserted."  *See* Or. Rev. Stat.
§ 42.230.  The Court also must attempt to construe the phrase
"any other underlying insurance" to give it meaning within the
context of the policy as a whole.  *See Gonzales v. Farmers Ins.
Co. of Or.*, 345 Or. 382, 387 (2008)("We also consider the
particular context in which that term is used in the policy and
the broader context of the policy as a whole.").

          RLI's policy defines "other insurance" as "other valid
and collectible insurance with any other carriers . . . available
to [Plaintiff] covering a loss also covered by" RLI's policy.  In
turn, RLI's policy sets out losses covered by its policy as
"property damage . . . caused by or arising out of each

15 - ORDER

occurrence." RLI's policy defines an "occurrence" in pertinent
part as

> an accident or a happening or event or a
> continuous or repeated exposure to conditions
> which unexpectedly and unintentionally
> results in . . . property damage . . . *during
> the policy period*.

Notice of Removal, Ex. A at 15 (emphasis added). Thus, the
definition of a covered occurrence includes the temporal
limitation to occurrences during the policy period. Accordingly,
the Court concludes the phrase "any other underlying insurance"
must be interpreted within the context of RLI's policy as a whole
to encompass only underlying insurance covering losses that
occurred during RLI's policy period.

    As Plaintiff points out, Plaintiff had primary
indemnity coverage only through Wausau during the effective
period of the RLI policy. The Court has concluded Wausau does
not have any duty to defend or to indemnify Plaintiff due to the
absolute pollution exclusion in the Wausau policy. In addition,
RLI has not established any other insurer or policy has a duty to
indemnify Plaintiff for the period at issue or that the property
damage did not occur during the period at issue, and, therefore,
the conditions triggering RLI's duty to defend have been met.

    The Court notes RLI also contends it does not have any
duty to defend Plaintiff under its policy because other insurers
also are defending Plaintiff in connection with their insurance

16 - ORDER

policies for the period at issue.  RLI, however, confuses the
duty to defend with the duty to indemnify.  RLI's policy clearly
defines its duty to defend in terms of an occurrence covered by
underlying insurance.  An occurrence is defined in terms of an
event triggering indemnification rather than defense.  As
Plaintiff notes, an insurer under Oregon law has a duty to defend
all claims if any claim is covered.  *See, e.g., Timberline Equip.
Co., Inc. v. St. Paul First & Marine Ins. Co.*, 281 Or. 639, 645
(1978)("If the complaint contains some allegations of conduct or
damage excluded from the policy but has other allegations which
would fall within the policy coverage, the insurer has a duty to
defend.  The insurer is liable for the total defense costs.
quotation omitted)."  *See also Delta Sand & Gravel Co v. Gen.
Ins. Co.*, 111 Or. App. 347, 350 (1992)("a duty to defend arises
whenever the allegations of the complaint filed against the
insured show that there is a possibility that the policy provides
coverage for the claim made.").  Accordingly, the fact that other
insurers are fully defending Plaintiff does not establish the
policies issued by those insurers provide underlying indemnity
coverage for Plaintiff for the occurrence indemnified by RLI's
policy.  Whether other insurers also defend this action is not
relevant to RLI's duty to defend under the terms of its policy
because RLI has not established either that Wausau or any other
underlying insurer must indemnify Plaintiff for the alleged

property damage during RLI's policy period or that the alleged
damage did not occur within the period of RLI's policy.

The Court concludes on this record that RLI has a duty
to defend Plaintiff in this action under the terms of its policy
unless or until RLI establishes the property damage at issue was
not "caused by or arising out of [an] occurrence" during the
relevant policy period.  Accordingly, the Court does not adopt
that portion of the Findings and Recommendation in which the
Magistrate Judge recommends this Court grant Defendant RLI's
Motion for Summary Judgment as to RLI's duty to defend, deny
Plaintiff's Motion for Partial Summary Judgment as to RLI's duty
to defend, and dismiss Plaintiff's claims against RLI.


## CONCLUSION

The Court **ADOPTS** that portion of Magistrate Judge Papak's
Findings and Recommendation (#54) in which he recommends the
Court grant Defendant Wausau's Motion (#23) for Partial Summary
Judgment, deny the portion of Plaintiff's Motion (#32) for
Partial Summary Judgment as to Defendant Wausau's duty to defend,
declare Wausau does not have a duty to defend or to indemnify
Plaintiff under the 1985-86 insurance policy, and dismiss all of
Plaintiff's claims against Wausau.

The Court **DOES NOT ADOPT** that portion of the Findings and
Recommendation in which the Magistrate Judge recommends the Court

18 - ORDER

grant Defendant RLI's Motion (#28) for Summary Judgment as to RLI's duty to defend, deny the portion of Plaintiff's Motion (#32) for Partial Summary Judgment as to RLI's duty to defend, and dismiss Plaintiff's claims against RLI.

In summary, the Court **GRANTS** Defendant Wausau's Motion (#23) for Partial Summary Judgment, **DISMISSES** all of Plaintiff's claims against Wausau, **DENIES** RLI's Motion (#28) for Summary Judgment as to RLI's duty to defend**, GRANTS** Plaintiff's Motion (#32) for Partial Summary Judgment as to RLI's duty to defend, and **DENIES** Plaintiff's Motion (#32) for Partial Summary Judgment as to Wausau's duty to defend.

IT IS SO ORDERED.

DATED this 11th day of August, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge