IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NORTHWEST PIPE COMPANY, fka NORTHWEST PIPE & CASING COMPANY, an Oregon corporation,**<br><br>    Plaintiff,<br><br>v.<br><br>**RLI INSURANCE COMPANY, an Illinois corporation, and EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation,**<br><br>    Defendants.<br>_____<br><br>**RLI INSURANCE COMPANY, an Illinois corporation,**<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>**ACE FIRE UNDERWRITERS INSURANCE COMPANY, a Pennsylvania company, and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania company,**<br><br>    Third-Party Defendants. | 3:09-CV-01126-PK<br><br>AMENDED<br>OPINION AND ORDER |

1 - AMENDED OPINION AND ORDER

**MICHAEL B. MERCHANT**
**MARGARET E. SCHROEDER**
Black Helterline LLP
805 Southwest Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

       Attorneys for Northwest
       Pipe Company

**CHRISTOPHER W. TOMPKINS**
Betts Patterson & Mines PS
701 Pike St., Ste. 1400
Seattle, WA 98101
(206) 292-9988

**BRUCE C. HAMLIN**
**TIMOTHY J. FRANSEN**
Martin Bischoff Templeton
Langslet & Hoffman LLP
888 Southwest Fifth Ave.
900 Pioneer Tower
Portland, OR 97204

       Attorneys for RLI Insurance Company

**BRYAN M. BARBER**
Barber Law Group
101 California St., Ste. 810
San Francisco, CA 94111
(415) 273-2930

**WILLIAM G. EARLE**
**HANNE EASTWOOD**
Davis Rothwell Earle & Xochihua P.C.
111 S.W. Fifth Ave., Ste. 2700
Portland, OR 97204
(503) 222-4422

       Attorneys for Employers Insurance
       of Wausau

2 - AMENDED OPINION AND ORDER

**RICHARD A. LEE**
Bodyfelt Mount LLP
707 S.W. Washington St., Suite 1100
Portland, OR 97205
(503) 243-1022

**R. LIND STAPLEY**
Soha & Lang, P.S.
1325 Fourth Ave., Suite 2000
Seattle, WA 98101
(206) 624-1800

>    Attorneys for Ace Property and Casualty
>    Insurance Company and Ace Fire Underwriters
>    Insurance Company

**BROWN, Judge.**

On March 19, 2012, Magistrate Judge Paul Papak issued Findings and Recommendation (F&R)(#151) recommending the Court grant in part Defendant Employers Insurance Company of Wausau's Motion (#120) for Partial Summary Judgment on its Cross-Claim for equitable contribution against Defendant/Third-Party Plaintiff RLI Insurance Company as to which Plaintiff Northwest Pipe Company (NWP) and Third-Party Defendants Ace Property and Casualty Insurance Company and Ace Fire Underwriters Insurance Company (hereinafter referred to collectively as ACE) filed Motions for Joinder (#125 and #132 respectively). The Court hereby **GRANTS** those Motions (#125, #132) to join Wausau's Motion (#120) for Partial Summary Judgment.

In particular, the Magistrate Judge recommended this Court grant the Motion for Partial Summary Judgment to the extent that

3 - AMENDED OPINION AND ORDER

he found Wausau, NWP, and ACE were entitled to contribution from RLI. The Magistrate Judge, however, did not recommend finding in their favor as to the amount of RLI's contribution.

NWP, Wausau, and ACE filed timely Objections to the Magistrate Judge's Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## BACKGROUND

The issue at the heart of this insurance coverage case is whether Comprehensive General Liability (CGL) insurance policies issued to NWP by ACE, Wausau, and RLI from 1982 until 1986 provide coverage to NWP for defense costs and indemnity costs incurred by NWP as a result of environmental contamination at its Portland Harbor facility beginning in 1982 and, if so, the extent of such coverage.

"Defense costs" that are payable by an insurer include "costs of preliminary assessments, remedial investigations, risk assessments or other necessary investigation." Or. Rev. Stat. § 465.480(6)(a). The Objections of NWP, Wausau, and ACE center on whether the Magistrate Judge's recommended formula for allocating NWP's defense costs to NWP and to Wausau, RLI, and ACE complies with Oregon Revised Statute § 465.480(4).

**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

The Magistrate Judge found as follows:

1.  ACE issued a liability insurance policy to NWP beginning in June 1980 that applied to NWP's operations at its Portland Harbor site beginning in February 1982. ACE provided 16.5 months of relevant liability insurance coverage to NWP between February 1982 and June 13, 1983.

2.  NWP was uninsured from June 14, 1983, through July 8, 1983, and, therefore, is responsible for defense costs it incurred during that period.

3.  Wausau insured NWP against "sudden and accidental" environmental liabilities under policies issued from July 8, 1983, to July 7, 1984, and July 8, 1984, to July 7, 1985.

4.  Wausau did not provide primary insurance coverage to NWP for environmental liabilities arising from July 8, 1985, to July 8, 1986, because the policy issued by Wausau to NWP during that period included an "absolute pollution" exclusion.

5.  RLI's umbrella policy that was in effect from July 8, 1985, until February 19, 1986, dropped down to cover the gap that existed in NWP's primary insurance coverage during that period.

6.  The combined policies issued by ACE, Wausau, and RLI provided coverage to NWP for a total of 47.85 months between July 9, 1983, and July 8, 1986.

7.  Each of the relevant insurance coverages provided by

5 - AMENDED OPINION AND ORDER

Wausau, RLI, and ACE provided consecutive rather than concurrent coverage (*i.e.,* only one insurer provided the same type of insurance coverage to NWP during any given policy period).

    8.   Based on the above, the Magistrate Judge concluded Wausau provided insurance to NWP for 24 consecutive months (50.65% of the coverage period), RLI provided coverage for 7.35 consecutive months (15.36% of the coverage period), and ACE provided coverage for 16.5 consecutive months (34.48% of the coverage period).

    9.   NWP's defense costs incurred as of September 23, 2011, totaled $3,825,817.52.

Ultimately the Magistrate Judge recommended it was "appropriate to allocate among the [defendant insurers], . . . [NWP's] defense costs that are properly allocable" to each defendant insurer according to that insurer's "time on the risk" without taking into account each insurers' respective policy limits during the applicable coverage period.  F&R at 12-15.  This conclusion is the primary focus of the objections raised by NWP, Wausau, and
ACE.

## I. PORTIONS OF THE MAGISTRATE'S FINDINGS AS TO WHICH NO PARTY OBJECTS.

None of the parties object to the following Findings by the Magistrate Judge:

    1.   NWP was insured under RLI's umbrella policy between

6 - AMENDED OPINION AND ORDER

July 8, 1985, and February 18, 1986, because RLI's policy dropped down to fill the gap that existed in Wausau's primary coverage arising from an absolute pollution exclusion in Wausau's policy;

    2.  the relevant insurance coverage provided by Wausau, RLI, and ACE involved consecutive rather than concurrent coverage (*i.e.,* only one insurer provided the same type of insurance coverage to NWP during a particular policy period); and

    3.  NWP's defense costs incurred as of September 23, 2011, totaled $3,825,817.52.

The Court, therefore, is relieved of its obligation to review the record *de novo* as to these portions of the Findings and Recommendation. *See Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error in these portions of the Findings and Recommendation.

**II.  PORTIONS OF THE FINDINGS TO WHICH ONE OR MORE PARTIES OBJECTS.**

NWP and RLI each filed timely objections to the Magistrate Judge's finding that Plaintiff had a gap in its liability insurance coverage for a 24-day period in June-July 1983.

Wausau and ACE object to the Magistrate Judge's Finding and Recommendation regarding the allocation of defense costs between the defendant insurers.

7 - AMENDED OPINION AND ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

### A. Gap in Insurance Coverage.

NWP and RLI filed timely objections to the Magistrate Judge's finding that NWP was not insured for the period from June 14, 1983, through July 8, 1983.  In response, however, ACE stipulates it provided applicable liability insurance to NWP during that time-frame.

The Court, therefore, modifies the Magistrate Judge's finding as to the allocation of coverage among the insurers to account for the additional 24 days of insurance coverage provided by ACE from June 14, 1983, through July 8, 1983.

### B. Method of Allocating Defense Costs.

As noted, the Magistrate Judge recommends the allocation of defense costs between the three insurers should be based solely on the length of time each insurer was exposed to the risk insured against, and should not take into account the insurers' policy limits for the risk during that time-frame. The Magistrate Judge reasoned:  "It is axiomatic that coverage [*i.e.*, indemnity limits] do not bear on an insurer's obligation

8 - AMENDED OPINION AND ORDER

to undertake an insured's defense" except when there are periods of concurrent coverage by multiple insurers.

Wausau and ACE jointly object to this recommendation because they contend it is error not to take into account each insurers' applicable policy limits in addition to each insurers' respective coverage period when determining the amount of defense costs to be allocated to each insurer. The Court notes the accounting urged by Wausau and ACE would result in a substantial increase in RLI's share of the total defense costs and a concomitant decrease in the respective shares of Wausau and ACE.

When allocating defense costs to each insurer, however, RLI, in turn, asserts it is appropriate to consider only the length of the insurer's respective coverage periods without taking into account the insurers' respective policy limits.

C. **Applicable Law**.

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. The Court applies Oregon law because the relevant events occurred in Oregon. *See Bell Lavalin Inc. v. Simcoe & Erie Gen. Ins. Co.*, 61 F.3d 742, 745 (9th Cir. 1995). *See also Kemper Independence Ins. Co. v. Davis,* No. 07-16197, 2009 WL 166970, *1 (9th Cir., Jan. 29, 2009) (Oregon law applies to the interpretation of a provision in a liability insurance policy issued in Oregon).

In *Burnett v. Western Pacific Insurance Company*, 255 Or. 547

9 - AMENDED OPINION AND ORDER

(1970), the Oregon Supreme Court resolved an insurance-coverage dispute that addressed similar, but not identical, issues to those in this case. In *Burnett* two insurers issued insurance policies that covered liabilities arising from an automobile accident. Each policy provided separate but concurrent liability insurance coverage for damages arising from an accident; *i.e.*, the policy periods for each policy overlapped and each policy included a duty to defend. The issue before the court, as in this case, was how the costs of defense should be divided between the insurers. The court found:

> The issue is whether, when only one insurer defends, defense costs are to be prorated in accordance with the proportion that each insurer's coverage bears to the total coverage or whether the costs of defense should be treated separately from the rest of the loss and divided equally between the insurers which had the duty to defend. We believe that the costs of defense should be governed by the same rule as the rest of the loss and should be prorated. *See Oregon Auto. Ins. Co. v. United States Fidelity and Guar. Co.*, 195 F.2d 958, 960 (9th Cir. 1952). *The insurer who stands to bear the greater proportion of the loss will be benefitted the most by a successful defense*.

*Id.* at 555 (emphasis added). *See also Oregon Auto. Ins. Co. v. State Acc. Ins. Fund.,* 272 Or. 32, 34 (1975). The ultimate issue in both *Burnett* and *Oregon Automobile Insurance Co.*, however, was how to allocate defense costs between different insurers whose policies provided concurrent, overlapping liability insurance coverage rather than consecutive coverage as in this case.

10- AMENDED OPINION AND ORDER

In any event, in 2003 the Oregon Legislature enacted Oregon Revised Statute § 465.480 to address specifically how indemnity and defense-cost liabilities arising from environmental claims should be allocated among multiple insurers.  Sections (4)-(6) provide:

> (4) An insurer that has paid an environmental claim may seek contribution from any other insurer that is liable or potentially liable.  If a court determines that the apportionment of *recoverable costs* between insurers is appropriate, the court shall allocate the *covered damages* between the insurers before the court, based on the following factors:
>
> > (a) *The total period of time* that each solvent insurer issued a general liability insurance policy to the insured applicable to the environmental claim;
> >
> > (b) *The policy limits*, including any exclusions to coverage, of each of the general liability insurance policies that provide coverage or payment for the environmental claim for which the insured is liable or potentially liable;
> >
> > (c) The policy that provides the most appropriate type of coverage for the type of environmental claim; and
> >
> > (d) If the insured is an uninsured for any part of the time period included in the environmental claim, the insured shall be considered an insurer for purposes of allocation.
>
> (5) If an insured is an uninsured for any part of the time period included in the environmental claim, an insurer who otherwise has an obligation to pay defense costs may *deny that portion of defense costs that would*

11- AMENDED OPINION AND ORDER

>       *be allocated to the insured under subsection
>       (4) of this section.*
>
>       *(6)(a) There is a rebuttable presumption that
>       the costs of preliminary assessments,
>       remedial investigations, risk assessments or
>       other necessary investigation, as those terms
>       are defined by rule by the Department of
>       Environmental Quality, are defense costs*
>       payable by the insurer, subject to the
>       provisions of the applicable general
>       liability insurance policy or policies.
>
>       (b) *There is a rebuttable presumption that
>       payment of the costs of removal actions or
>       feasibility studies, as those terms are
>       defined by rule by the Department of
>       Environmental Quality, are indemnity costs
>       and reduce the insurer's applicable limit of
>       liability on the insurer's indemnity
>       obligations*, subject to the provisions of the
>       applicable general liability insurance policy
>       or policies.

Emphasis added.

When construing these statutory provisions, this Court is guided by Oregon Revised Statute § 174.010:

>       In the construction of a statute, the office
>       of the judge is simply to ascertain and
>       declare what is, in terms or in substance,
>       contained therein, not to insert what has
>       been omitted, or to omit what has been
>       inserted; and where there are several
>       provisions or particulars such construction
>       is, if possible to be adopted as will give
>       effect to all.

   **D.   Analysis.**

The Magistrate Judge states he is "mindful of the necessity to consider all of the four statutory factors listed in Or. Rev. Stat. 465.480(4)." F&R at 12. Nevertheless, implicitly drawing

12- AMENDED OPINION AND ORDER

on the Oregon Supreme Court's holding in *Burnett,* the Magistrate Judge finds "as a matter of logic, policy limits bear on the question of allocating an insured's defense costs among multiple insurers only where the insurers' policies provide at least partially concurrent coverage," and, therefore, the "logical consequence is that defense costs should be allocated *pro rata* according to policy limits only during, and for purposes, of concurrent coverage by multiple insurers."  F&R at 12-13.  Because this case involves only consecutive coverages by the respective insurers, the Magistrate Judge, like "the majority of courts" in other jurisdictions that address this issue, did not give any weight to the "'policy limits' factor" set out in Oregon Revised Statute § 465.480(4)(b).  F&R 12-13.

*Burnett*, as noted, involved at least partially concurrent coverages and, in any event, was decided before the Legislature enacted Oregon Revised Statute § 465.480, which controls the question currently before the Court.  Having considered the statute in its entirety, the Court is not persuaded the Magistrate Judge's approach is consistent with an accurate construction of the statute, which notably does not include any language differentiating between defense costs that accrue during periods of concurrent coverage among insurers and defense costs that accrue during periods of consecutive coverage.  Moreover, there is not any language in any relevant statutory provision

13- AMENDED OPINION AND ORDER

that suggests some of the factors set forth in § 465.480(4) apply to the allocation of "indemnity costs" but not to the allocation of "defense costs." Thus, to adopt the conclusion set out in the F&R, the Court would be required to read such differentiating language into the statute, which is not permitted under the general rules of statutory construction. See Or. Rev. Stat. § 174.010.

Based on the undisputed facts of this case, the Court concludes Oregon Revised Statute § 465.480(4)-(6) requires the insurers' respective policy limits to be considered a factor when allocating defense costs to each of the Defendant and Third-Party Defendant insurers. Accordingly, based pro rata on the insurers' respective time on the risk and policy limits and the additional 23 days of coverage in June 1983 attributable to ACE, the Court finds the percentage of NWP's defense costs to be allocated to each of NWP's insurers is as follows:

    ACE - 24.92%; Wausau - 31.81%; RLI - 43.27%.


## CONCLUSION

For these reasons, the Court **GRANTS** the Motions for Joinder in Wausau's Motion for Partial Summary Judgment filed by Plaintiff Northwest Pipe Company and Third-Party Defendants Ace Property and Casualty Insurance Company and Ace Fire Underwriters Insurance Company (#125 and #132 respectively). The Court also

14- AMENDED OPINION AND ORDER

**ADOPTS in part** and otherwise modifies the Magistrate Judge's Findings and Recommendation (#151) as set forth herein.  Thus, the Court **GRANTS** the Motion (#120) for Partial Summary Judgment of Employers Insurance Company of Wausau, Ace Property and Casualty Insurance Company, Ace Fire Underwriters Insurance Company, and Plaintiff Northwest Pipe Company and allocates the percentage of NWP's defense costs as follows:  ACE - 24.92%; Wausau - 31.81%; RLI - 43.27%.

    IT IS SO ORDERED.

    DATED this 6th day of July, 2012.

                                             /s/ Anna J. Brown

                                             ANNA J. BROWN
                                             United States District Judge