IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**NORTHWEST PIPE COMPANY, fka**  
**NORTHWEST PIPE & CASING COMPANY,**  
**an Oregon corporation,**

      Plaintiff,

v.

**RLI INSURANCE COMPANY, an**  
**Illinois corporation, and**  
**EMPLOYERS INSURANCE COMPANY**  
**OF WAUSAU, a Wisconsin**  
**corporation,**

      Defendants.

3:09-CV-01126-PK

ORDER

_____

**EMPLOYERS INSURANCE COMPANY**  
**OF WAUSAU, a Wisconsin**  
**corporation,**

      Counter-Claimant,

v.

**NORTHWEST PIPE COMPANY, fka**  
**NORTHWEST PIPE & CASING COMPANY,**  
**an Oregon corporation,**

      Counter-Defendant.

_____

1 - ORDER

**RLI INSURANCE COMPANY, an Illinois corporation,**

    Third-Party Plaintiff,

v.

**ACE FIRE UNDERWRITERS INSURANCE COMPANY, a Pennsylvania company, and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania company,**

    Third-Party Defendants.

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (F&R) (#215) on April 15, 2013, in which he recommends the Court (1) deny Defendant RLI Insurance Company's (RLI) Motion (#148) for Partial Summary Judgment; (2) reconsider the Court's Order (#62) issued August 12, 2010; (3) grant on reconsideration RLI's Motion (#28) for Summary Judgment as to its duty to defend; (4) deny on reconsideration Plaintiff Northwest Pipe Company's (NWP) Motion (#32) for Partial Summary Judgment; (5) reconsider the Court's Order (#169) issued June 13, 2012; (6) modify on reconsideration the allocation of NWP's defense costs; (7) deny as moot NWP's Motion (#177) for Partial Summary Judgment with leave to refile if circumstances warrant; and (8) deny Defendant Employers Insurance Company of Wausau's Motion (#191) for Partial Summary Judgment.

    The Findings and Recommendation were based on the Magistrate

2 - ORDER

Judge's conclusion that RLI does not have a duty to defend NWP in the underlying EPA/DEQ action because NWP failed to maintain its primary policy from Wausau "in full effect" during "the currency of" the RLI policy in violation of Condition S of the RLI policy.

NWP, Wausau, and Third-Party Defendants Ace Fire Underwriters Insurance Company and Ace Property and Casualty Insurance Company (collectively referred to hereinafter as ACE) filed timely Objections to the Findings and Recommendation. On May 30, 2013, Wausau filed Objections (#223) to D. Michael Haahn's Declaration in support of RLI's Response to the Objections of NWP and Wausau, which the Court construes as a Motion to Strike the Haahn Declaration. On May 31, 2013, NWP also filed a Motion (#225) to Strike the Haahn Declaration.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## PORTIONS OF THE FINDINGS AND RECOMMENDATION TO WHICH THE PARTIES DO NOT OBJECT

The parties do not object to that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court deny RLI's Motion (#148) for Partial Summary Judgment in its entirety. The Court, therefore, is relieved of its obligation to review the record *de novo* as to this portion of the Findings and Recommendation. *See Shiny Rock Min. Corp v. U.S.*,

3 - ORDER

825 F.2d 216, 218. (9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

Having reviewed the legal principles *de novo*, the Court does not find any error in this portion of the Findings and Recommendation.

## **PORTIONS OF THE FINDINGS AND RECOMMENDATION TO WHICH THE PARTIES OBJECT**

NWP, Wausau, and ACE object to the Magistrate Judge's recommendation that this Court reconsider its prior Order (#62) in which this Court concluded RLI has a duty to defend NWP in this action under the terms of its policy and that the Court reconsider its prior Order (#169) in which this Court allocated NWP's defense costs among ACE, Wausau, and RLI. In addition, NWP objects to the recommendation that the Court deny as moot NWP's Motion (#177) for Partial Summary Judgment. Wausau also objects to the recommendation that the Court deny Wausau's Motion (#191) for Partial Summary Judgment.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

4 - ORDER

**I.   Pertinent Policy Language**

   **A.   RLI Policy**

   Condition S of RLI's insurance policy issued to NWP provides:

> It is a condition of this policy that the policy or policies referred to in the attached "Schedule of Underlying Insurances" shall be maintained in full effect during the currency of this policy except for any reduction of the aggregate limit or limits contained therein solely by payment of claims in respect to accidents and/or occurrences occurring during the period of this policy. Failure of the Assured to comply with the foregoing shall not invalidate this policy but in the event of such failure, the Company shall only be liable to the same extent as they would have been had the Assured complied with the said condition.

   The "Schedule of Underlying Insurances" lists Employers of Wausau as the carrier providing "Comprehensive General Liability Including Products" coverage at a "Combined Single Limit" of $1,000,000. Compl., Ex. 2 at 10. The Schedule does not list a policy number, dates of coverage, or any other information about the Wausau policy.

   The issue date of the RLI policy is September 3, 1985, and the policy's effective date is July 8, 1985. Compl., Ex. 2 at 3.

   **B.   1985-1986 Wausau Policy**

   The 1985-1986 Wausau policy contains an absolute pollution exclusion that was included in the policy in Endorsement 8. Endorsement 8 has an issue date of August 6, 1985 (written as

5 - ORDER

"08 06 85E.") and an effective date of July 8, 1985.

It is undisputed that the effective dates of the 1985-1986 Wausau policy are July 8, 1985, through July 8, 1986.  The billing document for the policy lists an issue date of August 6, 1985.  Compl., Ex. 3 at 1.  The policy's Endorsements 1-8 also have effective dates of July 8, 1985, and issue dates of August 6, 1985.  Compl., Ex. 3 at 11-22.  A number of undated pages of the policy refer to these various endorsements; for example, the "Summary of Insurance and Premium Charges" identifies the named insured and below "Northwest Pipe & Casting" states:  "(SEE ENDORSEMENT #1)."  Compl., Ex. 3 at 2.  Similarly, the policy's "Coverage Schedule" under "Limits of Liability" states "SEE G633," which appears at Endorsement 2.  Compl., Ex. 3 at 4, 12-13.

**II. Analysis**

As noted, NWP, Wausau, and ACE object to those portions of the Findings and Recommendation in which the Magistrate Judge recommends this Court reconsider its prior Orders (#62, #169).  Specifically, NWP, Wausau, and ACE[1] object to the Findings and Recommendation's conclusion that RLI does not have a duty to

---

[1] The Court notes ACE objects to the Findings and Recommendation on the basis that the Magistrate Judge exceeded the charge and answer sought by the Court's directive in its Order (#183) issued September 7, 2012.  In light of this Court's conclusions herein, however, the Court need not address that basis of ACE's Objections.

defend NWP because NWP failed to maintain the underlying Wausau policy "in full effect" during "the currency of" the RLI policy in violation of Condition S of that policy.  The Magistrate Judge found:

> It appears clear, especially in light of the fact that Wausau has at all material times undertaken Northwest Pipe's defense under Wausau's policies covering the period from July 8, 1983, through July 8, 1984, and the period from July 8, 1984, through July 8, 1985, which lack the so-called "absolute" pollution exclusion that was added to Wausau's 1985-1986 policy by endorsement after the date the RLI policy issued, that but for the amendment by endorsement of the underlying policy to add the absolute pollution exclusion, Northwest Pipe's losses in connection with the EPA/DEQ investigation and claims would be covered under the underlying policy.  It follows that, under Condition S, RLI does not owe Northwest Pipe a duty to defend under the RLI policy for the period July 8, [1985], through February 19, 1986.

F&R at 18.

The Magistrate Judge found RLI does not have a duty to defend NWP because Endorsement 8 was retroactively added to the 1985-1986 Wausau policy after both the Wausau and RLI policies were initially issued, and, therefore, Endorsement 8 changed the Wausau policy "during the currency" of the RLI policy.  In its Response to the Objections of NWP, Wausau, and ACE, RLI reiterates its argument that its policy was "gutted" by Endorsement 8 because it was, according to RLI, added to the 1985-1986 Wausau policy during the currency of RLI's coverage

7 - ORDER

thereunder.  RLI again contends the analysis turns on the effective date of the RLI policy (July 8, 1985) instead of the issue date of RLI's policy (September 3, 1985).

In any event, this Court notes its task when interpreting insurance policies under Oregon law is to ascertain the intent of the parties as interpreted from the perspective of the "ordinary purchaser of insurance."  *See Totten v. New York Life Ins. Co.,* 298 Or. 765, 771 (1985).  As noted, the record reflects coverage under the 1985-1986 Wausau policy was effective July 8, 1985, even though the full, written policy was not physically issued until August 6, 1985.  In particular, the record reflects various endorsements with issue dates of August 6, 1985, are referred to in the policy and incorporated into the policy.  Thus, the Court concludes an ordinary purchaser of insurance would have understood the terms of the policy as issued on August 6, 1985, were in effect as of July 8, 1985.

On this record, therefore, the Court also concludes the absolute pollution exclusion in Endorsement 8 was an intended and integral part of the 1985-1986 Wausau policy which, pursuant to the policy terms, was in effect as of July 8, 1985.  The Court agrees with the Magistrate Judge that

> [a]n ordinary purchaser of insurance could only reasonably have interpreted the term "maintained in full effect," considered in connection with Wausau's 1985-1986 policy presence on the attached "Schedule of Underlying Insurances," to mean that, under

8 - ORDER

> Condition S, RLI's obligations as Northwest Pipe's insurer would be determined by reference to the coverage provided under Wausau's 1985-1986 policy as ascertainable from the underlying policy's language as it existed as of the date the RLI policy issued.

F&R at 20.  Accordingly, the Court concludes NWP did not violate Condition S of the RLI policy by failing to maintain the Wausau policy "in full effect during the currency of" the RLI policy; *i.e.*, the Wausau policy that was in full effect as of July 8, 1985 (the effective date of the RLI policy and two months before the issue date of RLI's policy) included Endorsement 8, and that Endorsement was not later "added" to the 1985-1986 Wausau policy "during the currency of" the RLI policy.

Nevertheless, because the terms of the 1985-1986 Wausau policy would have been "highly material" to RLI, RLI contends "it is virtually certain" that RLI would have requested and reviewed the Wausau policy in its ordinary course of business in conformance with its general practice, and RLI would not have issued its policy if it had known the underlying Wausau policy contained an absolute pollution exclusion.  RLI has not, however, provided any evidence that it reviewed the Wausau policy that was in effect on July 8, 1985, before issuing its policy to NWP on September 3, 1985, which was almost two months after the effective date of the 1985-1986 Wausau policy and almost one month after Wausau issued its full, written policy even though

9 - ORDER

RLI had sufficient time to investigate and to review the terms of the underlying Wausau policy that it purports was "highly material" to RLI when it issued its policy to NWP.

Accordingly, the Court adheres to its decisions in its Order (#62) issued August 12, 2010, that RLI has a duty to defend NWP and in its Order (#169) issued June 13, 2012, allocating NWP's defense costs, and, therefore, having reconsidered that Order as recommended by the Magistrate Judge, the Court does not adopt the Magistrate Judge's recommendation to grant RLI's Motion (#28) for Summary Judgment as to its duty to defend.

### III. Factual Correction

Wausau also objects to that portion of the Findings and Recommendation that identifies each of the three Wausau policies issued to NWP as having a $500,000 coverage limit.  F&R at 10. Although these facts do not affect this Court's analysis herein, the Court agrees this reference is erroneous and hereby corrects it as follows:  The record reflects the Wausau policies issued to NWP covering the periods from July 8, 1983, through July 8, 1984, and July 8, 1984 through July 8, 1985, each have property-damage limits of $100,000.  The 1985-1986 Wausau policy has a limit of $1 million.

### **MOTIONS TO STRIKE/OBJECTIONS TO EVIDENCE**

In RLI's Response (#222) to Objections to the Findings and

10- ORDER

Recommendation, RLI objects to NWP and Wausau "raising new arguments and evidence on appeal."  In support of its position, RLI submitted the Declaration (#221) of D. Michael Haahn.  On May 30, 2013, Wausau filed Objections (#223) to the Haahn Declaration, which the Court construes as a Motion to Strike the Haahn Declaration.  On May 31, 2013, NWP also filed a Motion (#225) to Strike the Haahn Declaration.

The Court disagrees with RLI that the arguments of NWP and Wausau in their Objections are "new."  The record reflects the arguments by NWP and Wausau were, at the latest, made before the Magistrate Judge on February 7, 2013, at oral argument regarding RLI's Motion (#148.  In addition, the exhibits included in Wausau's Objections (#218) were already part of the record because they were also exhibits to NWP's Complaint.  Even if RLI were correct that NWP and Wausau raised new arguments and provided new evidence in their Objections, however, the Court, as RLI concedes, has discretion pursuant to 28 U.S.C. § 636(b) to consider new evidence or arguments as part of its *de novo* review of a Magistrate Judge's Findings and Recommendation and, therefore, exercises its discretion to do so.

Finally, the Court notes neither Wausau nor NWP have been prejudiced by the Court's consideration of the Haahn Declaration in light of the Court's rulings herein, and, therefore, the Court denies Wausau's Motion (#223) to Strike and NWP's Motion (#225)

11- ORDER

to Strike.

## CONCLUSION

The Court **ADOPTS** that portion of Magistrate Judge Papak's Findings and Recommendation (#215) in which he recommends the Court deny Defendant RLI's Motion (#148) for Partial Summary Judgment in its entirety. Accordingly, the Court **DENIES** Defendant RLI's Motion (#148) for Partial Summary Judgment in its entirety. The Court also **DENIES** Wausau's Motion (#223) to Strike and NWP's Motion (#225) to Strike.

Based on the Court's analysis herein, the Court reconsiders but **ADHERES** to its decision in its Order (#62) issued August 12, 2010, to **deny** RLI's Motion (#28) for Summary Judgment as to RLI's duty to defend and to **grant** NWP's Motion (#32) for Partial Summary Judgment as to RLI's duty to defend and also reconsiders but **ADHERES** to its decision in Order (#169) issued June 13, 2012, as to the allocation of NWP's defense costs. The Court **DECLINES to ADOPT** the remaining portion of the Findings and Recommendation.

In light of the Court's rulings herein, NWP's Motion (#177) for Partial Summary Judgment and Wausau's Motion (#191) for Partial Summary Judgment are not moot. Referral back to the Magistrate Judge, however, for further Findings and Recommendation may again produce objections necessitating review

12- ORDER

by this Court.  In the interest of judicial economy and to preserve the resources of the parties, therefore, the Court concludes this matter should be re-assigned for all purposes to this judicial officer.  Accordingly, the Court directs the Clerk to make the reassignment, after which the parties should designate the case number on future filings as 3:09-cv-01126-BR.

With respect to the remaining pending Motions (#177, #199), the Court will set a hearing date so the parties to these Motions may summarize their positions for this Court.  These Motions will be taken under advisement anew at the conclusion of that hearing.

IT IS SO ORDERED.

DATED this 11th day of July, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

13- ORDER