**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

Case No.    **3:09cv-01126-BR**                                                         Date: **August 27, 2013**

Case Title:  **Northwest Pipe Company v. RLI Insurance Company et al**

Presiding Judge:  **Anna J. Brown**                            Courtroom Deputy:  **Bonnie Boyer**

**DOCKET ENTRY:** Order

On August 23, 2013, the Court heard oral argument on Northwest Pipe's Motion (#177) for Partial Summary Judgment that No Share of the Defense Costs Should Be Assigned to Northwest Pipe; Wausau's Motion (#191) for Summary Judgment on its Crossclaim for Equitable Contribution Against RLI Insurance Company; and ACE's Motion (#197) for Joinder to Wausau's Motion (#191).

For the reasons stated on the record, the Court concludes Northwest Pipe, as the moving party, has not shown there is not any issue of material fact as to the availability of commercially reasonable commercial general liability insurance lacking an absolute pollution exclusion. The Court, therefore, **denies** Northwest Pipe's Motion (# 177) for Partial Summary Judgment. In order to resolve the fact issues underlying Northwest Pipe's Motion ( #177) and RLI's previous Motion (#148) on the same issue, the Court is setting a trial limited to these disputed fact issues on the following schedule:

(1) No later than September 6, 2013, the parties shall file a Joint Stipulation indicating whether the trial of these limited issues will be to a jury or to the Court, and upon the receipt of the parties' Joint Stipulation, the Court will issue a scheduling order for submission of trial papers preceding this trial, including potentially a Pretrial Order, and, as necessary, proposed jury instructions.

(2) No later than October 4, 2013, the parties shall make their final expert witness disclosures as to the fact issues to be decided in this trial, including all opinions on which an expert proposes to testify and all factual material on which such expert opinion(s) are based. No later than October 11, 2013, the parties may make final rebuttal expert disclosures. No expert will be permitted to testify to any matter not disclosed by these deadlines. To the extent any additional fact discovery is needed to complete preparation for this trial, it must be completed no later than October 4, 2013. The Court encourages the parties to avoid the expense of expert witness depositions. If the parties are unable to agree on an efficient method for an opponent to obtain clarification or other information about an expert's opinions, the parties may approach the Court to resolve the issue. In any event, all such expert discovery efforts must be concluded by October 11, 2013.

(3) A 2-day trial to resolve the factual disputes as to the availability of commercially reasonable commercial general liability insurance lacking an absolute pollution exclusion will begin at 9:00 a.m. on November 7, 2013.

As to Wausau's Motion (#191) for Summary Judgment and ACE's Joinder (# 197) , the Court concludes in the exercise of its discretion that supplemental briefing is needed as noted on the record and as follows:

(1) No later than September 6, 2013, RLI shall file its supplemental memorandum in opposition to Wausau's Motion (#191), limited to 10 pages, addressing why, on the existing record, Wausau and ACE are not entitled to judgment as a matter of law, and, in particular, what legal standard RLI alleges Wausau and ACE failed to meet to establish the right to summary judgment as a matter of law.

(2) No later than September 19, 2013, Wausau and ACE shall file a joint surreply including their specification(s) as to the amount(s) for which Wausau and ACE contend the Court should enter a judgment and the costs that remain in dispute as between Northwest Pipe, Wausau, and ACE.

The Court will take Wausau's Motion (#191) and ACE's Joinder (#197) under advisement on September 19, 2013.  In the event the Court denies Wausau's Motion (#191), the Court will conduct a Rule 16 Conference at the conclusion of the November 7, 2013 trial on other issues in order to set a separate trial schedule to resolve any remaining issues raised by Wausau's Motion (#191), including as to the reasonableness and necessity of defense costs paid by Wausau and ACE.

With respect to further proceedings in this matter, the Court orders that no party shall file any additional motions without first obtaining leave of Court to do so, except the Court has already permitted the filing of the following Motions:

(1) No later than September 13, 2013, and after meaningful conferral with all necessary parties, Northwest Pipe may file a motion for leave to amend its Complaint to add a claim for declaratory relief in light of recently-passed Oregon legislation.  If such motion is unopposed, Northwest Pipe shall file simultaneously a jointly proposed case management plan and schedule to resolve such additional claim(s).  If such motion is opposed, memoranda in opposition are due September 27, 2013; any necessary reply memorandum from Northwest Pipe is due October 4, 2013, and the Court will then take such Motion under advisement.

(2) No later than October 4, 2013, Wausau shall file a joint status report as to whether Wausau proposes to file a motion with respect to Wausau's claim that Wausau's obligation to Northwest Pipe is discharged because Wausau's policies have been exhausted.

Finally, the Court requires the parties to reconsider ADR and to file an updated Joint ADR report no later than October 4, 2013.

IT IS SO ORDERED.