IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**NORTHWEST PIPE COMPANY, fka**                    3:09-CV-01126-BR
**NORTHWEST PIPE & CASING COMPANY,**
an Oregon corporation,                             OPINION AND ORDER

      Plaintiff,

v.

**RLI INSURANCE COMPANY,** an
Illinois corporation, and
**EMPLOYERS INSURANCE COMPANY
OF WAUSAU,** a Wisconsin
corporation,

      Defendants.

_____

**EMPLOYERS INSURANCE COMPANY
OF WAUSAU,** a Wisconsin
corporation,

      Counter-Claimant,

v.

**NORTHWEST PIPE COMPANY, fka
NORTHWEST PIPE & CASING COMPANY,**
an Oregon corporation,

      Counter-Defendant.

_____

1 - OPINION AND ORDER

**RLI INSURANCE COMPANY, an Illinois corporation,**

    Third-Party Plaintiff,

v.

**ACE FIRE UNDERWRITERS INSURANCE COMPANY, a Pennsylvania company, and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania company,**

    Third-Party Defendants.

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Northwest Pipe's Motion (#243) for Leave to File First Amended Complaint. For the reasons that follow, the Court **GRANTS** Northwest Pipe's Motion.

## BACKGROUND

    On August 23, 2013, the Court heard oral argument on Northwest Pipe's Motion (#177) for Partial Summary Judgment, Wausau's Motion (#191) for Summary Judgment, and the Joinder (#197) in Wausau's Motion (#191) of Third-Party Defendants ACE Fire Underwriters Insurance Company and ACE Property and Casualty Insurance Company (collectively referred to herein as ACE).

    At oral argument Northwest Pipe expressed its desire to amend its Complaint in light of recent amendments to the Oregon Environmental Claims Assistance Act (OECAA), Oregon Law 2013,

2 - OPINION AND ORDER

Chapter 350, §§ 6 and 7 (Senate Bill 814). On August 27, 2013, the Court issued an Order (#239) directing Northwest Pipe to file any motion for leave to amend after conferring with opposing counsel. Northwest Pipe filed its Motion (#243) on September 13, 2013. Wausau filed a Response (#246) on September 27, 2013, and Northwest Pipe filed a Reply (#248) on October 4, 2013. Neither RLI nor ACE filed objections to Northwest Pipe's Motion. The Court took the Motion under advisement on October 4, 2013.

## **STANDARDS**

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires." This policy is to be applied with "extreme liberality." *Moss v. United States Secret Svc.*, 572 F.3d 962, 972 (9th Cir. 2009).

The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend. Those factors include

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment.

3 - OPINION AND ORDER

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The factor that carries the greatest weight is whether the amendment will prejudice the opposing party. *Id.* "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* "Delay alone, no matter how lengthy is an insufficient ground for denial of leave to amend." *Jones v.* Bates, 127 F.3d 839, 847 n.8 (9th Cir. 1997)(citing *United States v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981)). *See also Quantum Tech. Partners II, L.P. v. Altman Browning and Co.*, No. 08-CV-376-BR, 2009 WL 1795574, at *19 (D. Or. June 23, 2009) (same). The party who opposes amendment bears the burden to show prejudice. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

## DISCUSSION

Northwest Pipe seeks leave to amend its Complaint to add new claims for unfair environmental claims-settlement practices and injunctive relief against Wausau, RLI Insurance Company, and ACE pursuant to Senate Bill 814; for leave to amend its claim for declaratory relief and damages against RLI and Wausau; and to add a similar claim for declaratory relief and damages against ACE.

Wausau contends the Court should deny Northwest Pipe's

4 - OPINION AND ORDER

request to add a claim for injunctive relief under Senate Bill 814 on three grounds.

First, Wausau argues the Court in its Order (#239) issued on August 27, 2013, granted Northwest Pipe permission to file a motion to amend its Complaint only to add a claim for declaratory relief.  The record, however, reflects counsel for Northwest Pipe raised the possibility of a claim for injunctive relief when this issue was discussed at oral argument, and the Court did not intend to restrict Northwest Pipe from seeking to assert such a claim for injunctive relief to the extent that such a claim is available.

Second, Wausau contends Senate Bill 814 does not authorize claims for injunctive relief under the circumstances of this case.  The Court notes, however, a party is not barred from asserting a claim for injunctive relief merely because the statute under which it seeks relief does not expressly authorize such a claim.  "[U]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied."  *Owner-Operator Indep. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1112 (9th Cir. 2004) (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946)). Moreover, this is a substantive objection that can be revisited in due course as the proposed amended complaint is litigated.

5 - OPINION AND ORDER

In addition, Wausau contends Northwest Pipe's proposed claim for injunctive relief is not a viable claim. Wausau argues Northwest Pipe's proposed amendment is futile because Northwest Pipe will not be able to meet the standard to prevail on such a claim in light of the fact that the compensatory damages sought by Northwest Pipe would adequately remedy its alleged injury. Again, this argument goes to the merits of Northwest Pipe's proposed claim, and the Court cannot conclude on this record that Northwest Pipe's proposed amendment to add a claim for injunctive relief is futile. As with Northwest Pipe's other claims, Defendants may challenge the claims substantively as they are litigated.

Finally, the Court notes Wausau does not argue nor does the Court find any basis to conclude that Northwest Pipe's proposed amendments are made in bad faith or will cause undue prejudice or delay.

## CONCLUSION

For these reasons, the Court **GRANTS** Northwest Pipe's Motion (#243) for Leave to File First Amended Complaint. Northwest Pipe shall file its First Amended Complaint no later than October 28, 2013, and any pleadings responsive to Defendants' amended

6 - OPINION AND ORDER

pleading must be filed no later than November 12, 2013.

    IT IS SO ORDERED.

    DATED this 21st day of October, 2013.


    /s/ Anna J. Brown

    ANNA J. BROWN
    United States District Judge

7 - OPINION AND ORDER