IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NORTHWEST PIPE COMPANY, fka NORTHWEST PIPE & CASING COMPANY, an Oregon corporation,** | 3:09-CV-01126-BR<br><br>ORDER |
| Plaintiff, | |
| v. | |
| **RLI INSURANCE COMPANY, an Illinois corporation, and EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation,** | |
| Defendants. | |

_____

| | |
|---|---|
| **EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation,** | |
| Counter-Claimant, | |
| v. | |
| **NORTHWEST PIPE COMPANY, fka NORTHWEST PIPE & CASING COMPANY, an Oregon corporation,** | |
| Counter-Defendant. | |

_____

1 - ORDER

**RLI INSURANCE COMPANY, an Illinois corporation,**

      Third-Party Plaintiff,

v.

**ACE FIRE UNDERWRITERS INSURANCE COMPANY, a Pennsylvania company, and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania company,**

      Third-Party Defendants.

**BROWN, Judge.**

      This matter comes before the Court on Defendant Employers Insurance Company of Wausau's Motion (#191) for Summary Judgment on its Crossclaim for Equitable Contribution against RLI Insurance Company and the Joinder (#197) in Wausau's Motion (#191) of Third-Party Defendants ACE Fire Underwriters Insurance Company and ACE Property and Casualty Insurance Company (collectively referred to herein as ACE).  The Court heard oral argument on the Motions of Wausau and ACE on August 23, 2013.

      At oral argument the Court requested RLI to provide supplemental briefing to support its position by identifying the legal standard that it alleges Wausau and ACE failed to meet.  In response to the Court's request, RLI filed a Supplemental Response (#240) and Wausau and ACE filed their Sur-Reply (#245). In its Supplemental Response, RLI withdraws its prior argument that Wausau and ACE did not meet their burden to show the defense

2 - ORDER

costs they incurred were "reasonable and necessary"; *i.e.*, RLI stipulates the defense costs that have been paid by Wausau and ACE as set out in their Motions were reasonable and necessary to the defense of Northwest Pipe.  Pursuant to Orders (#169) and (#233) the Court previously ruled RLI has a duty to defend Northwest Pipe and is required to pay 43.27% of Northwest Pipe's reasonable and necessary defense costs.

After considering the parties' briefs, supplemental briefs, oral arguments, and the record as a whole, the Court **GRANTS in part** Wausau's Motion (#191) and ACE's Joinder (#197) as follows:

1. RLI is required to reimburse Wausau and ACE for RLI's share of the reasonable and necessary defense costs incurred by Wausau and ACE as of December 1, 2012.

2. As of December 1, 2012, Wausau incurred $2,030,573.86 and ACE incurred $2,310,673.78 in reasonable and necessary defense costs.

3. Pursuant to the Ninth Circuit's ruling in *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234 (9th Cir. 1998), RLI is obligated to pay prejudgment interest on the defense costs that it owes to Wausau and ACE.

4. The Court **DEFERS** ruling on the remainder of Wausau's Motion (#191) and ACE's Joinder (#197) as to the specific dollar amounts of defense costs and prejudgment interest RLI is required to pay until the conclusion of trial on the issue of the commercial availability of insurance coverage without absolute pollution exclusions, which will also establish whether Northwest Pipe has any obligation to pay a share of its defense costs.

5.  Within 14 days of the conclusion of that trial and after the parties make reasonable efforts to reach an appropriate stipulation, Wausau and ACE shall provide the Court with a proposed form of judgment and supporting documentation setting forth the amounts of defense costs and prejudgment interest they contend RLI owes to Wausau and ACE individually and the amounts, if any, owed by Northwest Pipe to Wausau and ACE. Within ten days thereafter, RLI (and Northwest Pipe, if necessary) may submit objections to the proposed forms of judgment. The Court will then determine whether further briefing or oral argument will be necessary to resolve the remaining issues raised in the pending Motions (#191 and #197).

IT IS SO ORDERED.

DATED this 21st day of October, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

4 - ORDER