IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST PIPE COMPANY, fka
NORTHWEST PIPE & CASING COMPANY,
an Oregon corporation,

3:09-CV-01126-BR

OPINION AND ORDER

       Plaintiff,

v.

RLI INSURANCE COMPANY, an
Illinois corporation, and
EMPLOYERS INSURANCE COMPANY
OF WAUSAU, a Wisconsin
corporation,

       Defendants.

_____

EMPLOYERS INSURANCE COMPANY
OF WAUSAU, a Wisconsin
corporation,

       Counter-Claimant,

v.

NORTHWEST PIPE COMPANY, fka
NORTHWEST PIPE & CASING COMPANY,
an Oregon corporation,

       Counter-Defendant.

_____

1 - OPINION AND ORDER

RLI INSURANCE COMPANY, an
Illinois corporation,

      Third-Party Plaintiff,

v.

ACE FIRE UNDERWRITERS INSURANCE
COMPANY, a Pennsylvania company,
and ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, a Pennsylvania
company,

      Third-Party Defendants.


BROWN, Judge.

    This matter comes before the Court on the Motion (#293) Re Proposed Form of Judgment of Defendants ACE Fire Underwriters Insurance Company and ACE Property and Casualty Insurance Company (collectively referred to herein as ACE) and Employers Insurance Company of Wausau.

    For the reasons that follow, the Court **GRANTS** ACE and Wausau's Motion.


## <u>BACKGROUND</u>

    The Court previously ruled Defendant RLI Insurance Company has a duty to defend Plaintiff Northwest Pipe and is required to pay 43.27% of Northwest Pipe's reasonable and necessary defense costs.  Order (#62) issued Aug. 12, 2010; Order (#169) issued Jun. 13, 2012, and Order (#233) issued July 11, 2013.

    Pursuant to Order (#253), the Court ruled:

2 - OPINION AND ORDER

1.   RLI is required to reimburse Wausau and ACE for RLI's share of the reasonable and necessary defense costs incurred by Wausau and ACE as of December 1, 2012.

2.   As of December 1, 2012, Wausau incurred $2,030,573.86 and ACE incurred $2,310,673.78 in reasonable and necessary defense costs.

3.   Pursuant to the Ninth Circuit's ruling in *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234 (9th Cir. 1998), RLI is obligated to pay prejudgment interest on the defense costs that it owes to Wausau and ACE.

The Court also directed Wausau and ACE to file a form of judgment at the conclusion of trial on the limited issue of the commercial availability of insurance coverage without absolute pollution exclusions.  Order (#253).  Pursuant to Stipulation (#263), however, the parties resolved that dispute prior to trial.  Subsequently, ACE and Wausau filed Motion (#293) on March 3, 2014, seeking entry of a Proposed Judgment (#293-3) as to RLI's obligation to reimburse ACE and Wausau for its proportional share of defense costs and for prejudgment interest on those amounts.

## STANDARDS

Federal Rule of Civil Procedure 54(b) provides:

When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Pursuant to Rule 54(b), when the court has entered a final judgment as to a particular claim, the court may sever this partial judgment from the remaining claims and, therefore, make that judgment immediately appealable if the court finds there is "no just reason for delay." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Because severance under Rule 54(b) is consistent with 28 U.S.C. § 1291 and only a final judgment may be severed, the district court has wide discretion to determine whether any just reasons for delay exist. The "issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances." *Id.* (the appellate court "accords a great deference to the district [court's]" determination of finality.). *See also In re First T.D. & Inv., Inc.*, 253 F.3d 520, 531 (9th Cir. 2001). When exercising its discretion to determine whether any just reasons for delay exist, the court may consider the following factors:

> [W]hether the claims under review were separable from the others . . . and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1137-38 (9th Cir. 2006)(quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), *superseded on other grounds by AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006)). Nevertheless, the possibility of piecemeal

appeals "does not necessarily mean that a Rule 54(b) certification would be improper." *Curtiss-Wright Corp.*, 446 U.S. at 8.

## DISCUSSION

RLI objects to the Motion of ACE and Wausau on the grounds that (1) entry of judgment is premature because the judgment does not dispose of all claims or all parties in this litigation and is, therefore, contrary to Rule 54(b) and (2) even if the Court grants the Motion, prejudgment interest should be calculated differently; *i.e.*, not from the time the defense costs were paid, but instead from the time that RLI received proof of the defense cost payments made by ACE and Wausau.

**I.    No Just Reason for Delay.**

RLI contends this case is not ripe for entry of a final judgment as to its obligation to reimburse ACE and Wausau for its share of the reasonable and necessary costs paid by ACE and Wausau for Northwest Pipe's defense. RLI argues Rule 54(b) does not permit entry of a final judgment because unresolved claims remain between the parties. For example, Northwest Pipe has unresolved claims against all Defendants for past and ongoing damages as well as declaratory relief. RLI contends entry of a final judgment at this time would allow the case to proceed in a piecemeal fashion because RLI would appeal the judgment and the

5 - OPINION AND ORDER

remaining, unresolved claims would continue to be litigated in this forum.

Courts in other jurisdictions, however, have found judgments involving an insurer's duty to defend are separate and distinct enough from the duty to indemnify that judgments deciding the duty to defend are appropriate under Rule 54(b).  For example, in *National Union Fire Insurance Company of Pittsburgh, PA. v. AARPO, Inc*., the district court stated:

> Pursuant to Rule 54(b), the Court, having determined that there is no just reason for delay, directs that the judgment dismissing the third-party complaint be entered as the final judgment on the issue of ERC's duty to defend the United Insurance Agencies and associated underlying defendants.  Although granting final judgment to a severable dispute within an ongoing case is disfavored, it is appropriate here to avoid the potential injustice of a delayed appeal.
>
> The issue decided here relating to the third-party defendant's duty to defend is separate and distinct from the remaining claims concerning defendants' liability to plaintiffs.  This opinion addresses a question of law that is not free from doubt.  Should review of this Order be delayed until the underlying claims are decided and should this Court's holding be reversed, United Insurance Agencies might be prejudiced by the delay by losing a defense to which it was entitled due to its inability to pay.

No. 97 Civ. 1438(JSM), 1999 WL 14010, at *5 (S.D.N.Y. Jan. 14, 1999) (citations omitted).

Similarly, in *Continental Insurance Company v. Del Astra Industries, Inc*., the district court *sua sponte* granted partial summary judgment for the insured and ruled the insurer had a duty to defend under the policies.  811 F. Supp. 1410, 1411 (N.D. Cal.

6 - OPINION AND ORDER

1993)(rev'd on other grounds).  The court concluded Rule 54(b)
permitted it to direct the entry of a final judgment because the
insurer's duty to defend "is separable from the claims remaining
in the lawsuit" and "judicial economy is served by immediate
appeal of the Court's grant of partial summary judgment."  *Id.*
The court reasoned "[a]n appellate court ruling that Continental
has no duty to defend would significantly reduce the scope of
issues for trial and would conserve judicial and party
resources."  *Id.*

    The Court finds the reasoning in *National Union* and *Del
Astra* persuasive and applicable here as the issue of allocation
of defense costs amongst RLI, ACE, and Wausau are substantively
different from the remaining claims.  The Court notes this case
has been pending since 2009 and is not likely to be resolved
fully in the immediate future.  In fact, the parties represented
to the Court at oral argument on April 28, 2014, that they expect
full resolution of this case will likely take more than six more
months.  It would, therefore, be prudent for any appellate review
of the Court's allocation rulings to take place as soon as
practicable in order to avoid prejudice to any party, the risk of
which increases the longer the disputes over defense-cost
allocation remain pending.

    Accordingly, in the exercise of its discretion, the Court
concludes there is not a just reason for delay in the entry of a

final judgment that adjudicates the relative responsibility among
RLI, Wausau, and ACE for Northwest Pipe's reasonable and
necessary defense costs.

## II. Calculation of Prejudgment Interest.

As noted, the Court has ruled ACE and Wausau may recover
prejudgment interest on the amounts of defense costs owed by RLI.
Although RLI has stipulated to the amount of reasonable and
necessary defense costs for which ACE and Wausau seek
reimbursement, RLI objects to the period of time for which ACE
and Wausau seek prejudgment interest.  ACE and Wausau contend
prejudgment interest should begin to accrue on each payment on
the date that ACE or Wausau made the payments.  RLI, however,
contends prejudgment interest should only be calculated from the
time that ACE and Wausau provided copies of the underlying
defense bills to RLI as proof of their payments.

As noted, the Court previously ruled prejudgment interest on
the amounts owed by RLI to ACE and Wausau should be calculated in
accordance with the Ninth Circuit's holding in *Interstate Fire*.
In that case Interstate Fire & Casualty Company sought
reimbursement from Underwriters at Lloyd's, London, and the
insured for a settlement payment made by Interstate Fire.  139
F.3d 1234 (9th Cir. 1998).  The Ninth Circuit summarized the
prejudgment interest law in Oregon as follows:

8 - OPINION AND ORDER

> Under Oregon law, prejudgment interest begins to accrue when monies become due.  *See* Or. Rev. Stat. 82.010(1)(a) (1995).
>
> * * *
>
> [P]ayments [become] due among competing insurers as soon as an insurer [becomes] obligated to make payments under the terms of its policy – not later when contribution [is] demanded of it.  *Hartford Fire Ins. Co. v. Aetna Ins. Co.*, 270 Or. 226, 527 P.2d 406, 412 (1974).

*Id.* at 1240.  *See also Precision Seed Cleaners v. Country Mut. Ins. Co.,* No. 03:10–cv–01023–HZ, 2013 WL 5524689, at *29 (D. Or. Oct. 1, 2013)("[A] court may award prejudgment interest only when the exact amount, and the time from which interest should run, is ascertained or easily ascertainable.")(citing *Farhang v. Kariminaser*, 230 Or. App. 554, 556 (2009)).

Applying this rule, the *Interstate Fire* court concluded "all three parties were obligated to contribute to the settlement fund, if at all, on August 19, 1986 [the date on which Interstate contributed to the settlement fund].  Thus, the money was due (and the interest began to accrue) on that date."  139 F.3d at 1240.  The court rejected the defendants' argument that the amount owed was neither ascertained nor ascertainable.  The court noted "an amount may be ascertained or ascertainable even if litigants disagree about whether and how to divide that amount." *Id*. (citations omitted).  The court reasoned even though the parties "continuously disagreed about who should pay and why, they . . . never disputed the amount in question," and,

9 – OPINION AND ORDER

accordingly, the court affirmed the district court's calculation of prejudgment interest. *Id.*

Similarly here, although RLI has disputed its liability to pay Northwest Pipe's defense costs, there is not a dispute about the amount of defense costs on which to base prejudgment interest. As noted, RLI stipulated to the calculation of the amounts that ACE and Wausau paid as "reasonable and necessary defense costs." Thus, RLI, in effect, concedes the amounts are ascertained or ascertainable. Moreover, the fact that RLI denied its duty to defend Northwest Pipe and, therefore, did not receive evidence of the underlying defense costs until ACE and Wausau demanded RLI pay its share does not mean the amounts were not ascertainable earlier. If ACE and Wausau were able to ascertain the amounts payable at the time they made the payments (amounts RLI now stipulates to), there is nothing that would have prevented RLI from doing so at that time.

RLI's reliance on *Precision Seed* to support its argument is not persuasive. In *Precision Seed* the insured sought payment from its insurer for seed inventory and property destroyed in a fire. The district court concluded the plaintiff was entitled to prejudgment interest on the loss payment for the property because the record contained evidence as to the nature of the property that was destroyed in the fire and the value of the property at that time. *Id.,* at *29. The court also found, however, that the

10- OPINION AND ORDER

plaintiff was not entitled to prejudgment interest on the seed inventory because a factual dispute remained regarding the amount of seed that was lost, and, therefore, the amount of the loss was not "ascertained or ascertainable by simple computation or by reference to industry standards." *Id.,* at *27. Thus, the reasoning in *Precision Seed* on which RLI relies is not applicable here because whether the amount of seed loss was ascertainable was at issue in *Precision Seed*, and, therefore, it was not clear that any prejudgment interest was due *at all*. As noted, the costs in this case were ascertainable at the time Northwest Pipe's defense costs were paid by ACE and Wausau.

RLI does not discuss that portion of the *Precision Seed* decision applicable to the calculation of prejudgment interest. The *Precision Seed* court concluded prejudgment interest should be computed on the property loss that was ascertainable as of the date of default (*i.e.,* the date when the insurer owed payment for the loss). As stated in *Interstate Fire*, in a case such as this that involves contribution claims among insurers, "payments [become] due among competing insurers as soon as an insurer [becomes] obligated to make payments under the terms of its policy - not later when contribution [is] demanded of it." 139 F.3d at 1240.

Based on the Court's prior ruling that RLI has a duty to defend Northwest Pipe, RLI was obligated to pay its proportional

share of Northwest Pipe's defense costs when the defense costs became due.[1]  Accordingly, at the time that ACE and Wausau paid Northwest Pipe's defense costs, RLI was obligated to pay its proportional share of those costs.  Because it did not do so, RLI's debt arose on the dates that ACE and Wausau made payments covering RLI's share.  The underlying purpose of prejudgment interest is to provide "a disincentive to debtors to delay settling their accounts."  *SDS Lumber Co. v. Allendale Mut. Ins. Co.*, 563 F. Supp. 608, 611 (D. Or. 1983).

Accordingly, the Court concludes prejudgment interest on the stipulated amount of defense costs paid by ACE and Wausau through December 1, 2013, should be calculated as of the dates the defense costs were paid by ACE and Wausau.

## CONCLUSION

For these reasons, the Court **GRANTS** ACE and Wausau's Motion (#293) Re Proposed Form of Judgment.

The Court concludes the proposed form of judgment submitted by ACE and Wausau should be revised to conform to this Opinion and Order.  Accordingly, the Court directs the parties to confer and to submit to the Court no later than May 30, 2014, a form of

---

[1]  RLI does not contend the defense costs sought by ACE and Wausau were incurred before RLI's defense obligation arose.

12- OPINION AND ORDER

judgment consistent with this Opinion and Order and the Court's prior rulings regarding RLI's duty to defend and allocation of Northwest Pipe's defense costs among Defendants.  The proposed form of judgment should also include language that preserves Northwest Pipe's unresolved claims for unpaid defense costs.  To the extent that the parties disagree as to such form, they may simultaneously submit alternate forms of judgment together with a concise explanation supporting the entry of a particular version.

IT IS SO ORDERED.

DATED this 16th day of May, 2014.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

13- OPINION AND ORDER